In the matter of the estate of JOHN M. ALPAUGH, deceased, on appeal by Laura Alpaugh, from order appointing an administrator of the estate.

[Submitted June 30th, 1914. Decided July 13th, 1914.]

Orphans Court act (*P. L. 1898 p. 724 § 27*) provides that if any person die intestate, or if the executor renounces, then administration shall be granted to the widow or next of kin, or to some of them, otherwise to such other person as will accept the same.—*Held*, that, where decedent died leaving a widow and two minor children, and the widow renounced her right to administration, decedent's mother, though of kin, was not "next of kin," which means one entitled to distribution, and she was not entitled to administration as against a stranger nominated by the widow.

On appeal from the Hunterdon orphans court.

*Mr. H. Burdett Herr,* for the appellant.

*Mr. Willard C. Parker,* for the respondent.

BACKES, VICE-ORDINARY.

John M. Alpaugh died intestate, leaving a widow and two minor children. The widow renounced her right to administer, and upon her request letters were granted to John Young, a stranger. The mother of the deceased, whose application for a grant was denied, now appeals, and by agreement of counsel a single question is presented for determination, viz., whether the mother was entitled to administer. Paragraph 27 of the Orphans Court act (*P. L. 1898 p. 715*) provides that—

83 *N. J. Eq.*                In re Alpaugh's Estate.

"If any person die intestate, or if the executor named in any testament renounce the executorship, or neglect, for the space of forty days after the death of the testator, to prove such testament, then administration of the goods, chattels and credits of such intestate or of such testator with the testament annexed, shall be committed or granted to the widow or next of kin of such intestate or testator, or to some of them, if they or any of them will accept the same; and if none of them will accept thereof, then to such other proper person or persons as will accept the same."

The resignation of the widow, and the disability of the children, the next of kin, rendered entirely inapplicable the mandate of the statute and left the probate court free, in the exercise of a sound discretion, to appoint any proper person to administer the estate. While the mother was of kin, she was not the next of kin of the deceased, within the meaning of the statute— *i. e.*, next of kin entitled to distribution. The imperative command of this legislation is limited and restricted in its operations to a class to which the appellant does not belong. It does not require the grant to be made to the nearest of kin qualified to act. *Woodruff* v. *Snoover, 45 Atl. Rep. 980.*

The *Degnan Case, 75 N. J. Eq. 197,* is cited by the counsel of the appellant as holding an opposite view. I do not so understand it. In that case, the husband of the deceased, who was entitled to her personal property, failed to apply for letters. After his death, his executor and the deceased wife's brother, respectively, petitioned to be appointed. Chancellor Walker directed the orphans court to issue letters to the brother because of his statutory right. He was the next of kin, in fact, within the definition of the statute. The present appellant occupies no such position.

That the probate court's discretion was judiciously exercised is not brought into question. The court's appointee was selected by the widow and the natural guardian of the next of kin. *Wms. Ex. *363; Cramer* v. *Sharp, 49 N. J. Eq. 558.*

The decree under review will be affirmed, with costs.