In the matter of the probate of the will of HENRY V. HERRMANN, deceased.

[Argued May term, 1926. Decided October 18th, 1926.]

By force of the twenty-seventh section of our Orphans Court act, when an executor named in any last will and testament renounces his executorship, letters of administration with the testament annexed must be granted to the widow or next of kin of such testator. The appointment of a person standing in neither of these relations is not permissible, although such person may have a greater interest in the estate to be distributed than either the widow or the next of kin of the testator.

On appeal of C. Theodore Herrmann from a decree of the prerogative court.

*Mr. Julian C. Harrison, Mr. George W. C. McCarter* and *Mr. W. Morton Carden* (of the New York bar), for the appellant.

*Mr. Joseph A. Duffy, Mr. L. Edward Herrmann* and *Mr. John L. Keller,* for the respondents.

277

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This matter came before the prerogative court on a petition to admit to probate the last will and testament of Henry V. Herrmann, deceased; and for the appointment of an administrator *cum testamento annexo.* Probate was duly granted, and one Gladys Herrmann, a niece of the testator and a daughter of C. Theodore Herrmann, the present appellant, was appointed administratrix thereof. The sole ground involved in the present appeal is the legality of the appointment of the administratrix.

The following is the situation exhibited by the record: Henry V. Herrmann, who had never married, died in May, 1924, leaving a last will, executed by him in January, 1911. By that will he appointed Alfred S. Brown and one Frederick Feibel the executors thereof. The latter died some years before the testator, thereby leaving Mr. Brown the only executor named in the will. Upon the death of the testator, Brown renounced the executorship, thus making the appointment of an administrator necessary. By the terms of his will the testator left a life interest in his residuary estate to his brother, C. Theodore, the present appellant and the sole next of kin of the testator, with remainder to his (C. Theodore's) children upon his death.

The learned vice-ordinary after considering the various provisions of the testator's will, concluded that the children of the appellant were those most interested in the proper administration of the estate and, for this reason, appointed the oldest of them administratrix, over his protest. In our view, this appointment was in disregard of the twenty-seventh section of our Orphans Court act. *Comp. Stat. p. 3822.* The legislative declaration therein contained is as follows:

"If any person die intestate, or if the executor named in any testament renounce the executorship or neglect for the space of forty days after the death of the testator to prove such testament, then administration of the goods, chattels and credits of such intestate,

or of such testator, with the testament annexed, shall be committed or granted to the widow or the next of kin of such intestate or testator."

The vice-ordinary apparently considered that this section did not apply to the present case, for the reason that one of the two persons named in the will as executors thereof had died during the lifetime of the testator. But this fact seems to us to be immaterial in determining the application of the statute. Death had erased from the will the name of Mr. Feibel as executor as fully and completely as the testator himself could have done by his own act. At the death of the latter there remained only a single person who had been appointed as his executor by the testator. In other words, Mr. Brown was the sole executor named in the will, and the effect of his renouncing was to bring about the very situation which the statute was intended to meet. In the *Kirkpatrick Will Case, 22 N. J. Eq. 463,* referred to by the vice-ordinary as supporting his conclusion, the sole executor named in that will had died during the lifetime of the testatrix; and, as the decedent had not died intestate, and as there was no executor to renounce the executorship, the court properly held that the appointment of an administrator was not controlled by the statutory provision referred to, and, for this reason, considered that it had power to appoint as administrator the person having the largest beneficial interest in the estate. In the *Booraem Will Case, 55 N. J. Eq. 759,* relied upon by counsel for the respondents as supporting the conclusion of the vice-ordinary in the present case, the will had been probated by the executor named therein, and he died after the estate had been partially administered by him. The application there was for the appointment of an administrator *cum testamento annexo de bonis non,* and it was rightly considered by the court that it was not controlled by the provision of the Orphans Court act above recited in making the selection.

Reaching the conclusion in the present case that the right of the appellant to be appointed as administrator of his deceased brother's estate was paramount under the statute,

irrespective of the *quantum* of his interest in the estate to be administered, the portion of the decree which is the subject of the present appeal must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.