This matter comes before the court on an application by the proctor of the respondent for the dismissal of the petition *Page 714 
of appeal, because said petition, on its face, discloses no meritorious ground for appeal. The petition was filed in behalf of Luke Mulligan, Joseph Mulligan, Vera Egan, Marian Egan, Florence Egan, Mary Robertson, Kathrine Lutton, Margaret Hoey, John Lawless, Thomas Lawless, Robert Lawless, Bessie M. Gaynor, Mollie Hughes and John J. Gaynor, from a decree made by the Hudson county orphans court on February 28th, 1927, adjudging that the personal estate of the decedent, Daniel O'Mara, be distributed to ten first cousins of said decedent, in said decree named, as the decedent's next of kin, to the exclusion of the appellants, who are descendants of deceased first cousins of said Daniel O'Mara, deceased.
The controversy between the appellants and the respondent is as to the construction of the Distribution act (P.L. 1918 p. 179
§§ 3, 4), which read as follows:
"III. If there be no husband or widow, as the case may be, then all of the said estate to be distributed equally to and among the children; and in case there be no child, nor any legal representative of any child, then equally among the parents and brothers and sisters, and the representatives of deceased brothers and sisters, provided, that no representation shall be admitted among collaterals after deceased brothers' and sisters' children.
"IV. If there be no husband or widow, child or any legal representative of any child, nor a parent, brother or sister, nor the representative of a deceased brother or sister, then all of the estate to be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives as aforesaid."
Proctor for the respondent urges that the appellants, who are second cousins of Daniel O'Mara, deceased, are not entitled to participate in the estate of the decedent, and that the decree of the orphans court, adjudging that the whole of said estate be distributed equally to the first cousins of said decedent is in accordance with the provisions of the Distribution act aforesaid. He contends that the words "as aforesaid," at the end of section 4, relate to the restriction in the preceding paragraph 3, which provides "that no representation shall be admitted among collaterals after deceased brothers' and sisters' children." *Page 715 
Proctor for the appellants urges that distribution among collaterals must be made to the next of kindred in equal degree, and those legally representing their stocks, and that children of deceased cousins of the intestate are entitled to take the share of the estate which their parents would have been entitled to take, if they had survived the intestate; and refers, as authority therefor, to section 168 of the Distribution act (P.L.1914 p. 70); and urges, also, that the words "as aforesaid" at the end of section 4 of the Distribution act (P.L. 1918 p. 179) are not limited in their operation to section 3 thereof.
I am of the the opinion that the decisions of our court of errors and appeals in Davis v. Vanderveer's Adm'r, 23 N.J. Eq. 558,
and of our court of chancery in Barrett v. Egbertson,92 N.J. Eq. 118, are decisive of the matter sub judice. The significance of the words "as aforesaid" was adverted to by Vice-Chancellor Backes in the case last cited (at p. 124), where he says: "`As aforesaid,' at the conclusion of section 4, relates to the proviso in section 3." Citing Davis v.Vanderveer's Adm'r, supra, and Smith v. McDonald, 71 N.J. Eq. 261.
As to collaterals, Vice-Chancellor Backes (at p. 123) says: "The statute of distribution, in respect of collaterals, lets in children of deceased brothers and sisters. Beyond that there is no representation. The rule of the civil law that the class nearest of kin by blood takes is the law of this state at this time;" and in commenting upon Davis v. Vanderveer'sAdm'r, supra, Vice-Chancellor Backes says: "In Davis v.Vanderveer's Adm'r, supra, the court of errors and appeals, in construing that proviso, denied representation among collaterals beyond brothers' and sisters' children, and held that cousins took, to the exclusion of cousins once removed."
I will advise an order dismissing the petitioner's appeal, and inasmuch as the proctors for the respective parties have fully argued the merit of the subject-matter of the appeal, the legal effect of the dismissal of the petition will be to affirm the decree of the orphans court. *Page 716