Francis LeRoy Stewart died intestate leaving a six-year-old son, his only next of kin, now in the custody of his mother, the decedent's divorced wife. She applied for and was granted letters of administration by the surrogate of Somerset county. The decedent's father appealed to the orphans court claiming the right of administration as next of kin. The orphans court affirmed the decree of the surrogate and the father appealed to this court.
In view of the repeated adjudication, it is surprising that the action of the surrogate should be made a question. The father, it is true, was of the same degree of kinship to the decedent as was the decedent's infant son, and the Orphans Court act (Cum. Supp.Comp. Stat. p. 2609) requires that administration be granted to the next of kin, but the direction is limited to the next of kin who are distributees under the statute. The father has no interest in the estate; he is not a distributee and not within the privilege of the statute. The precise question was decided inIn re Alpaugh's Estate, 83 N.J. Eq. 616. In that case the decedent left a widow and infant children. The widow renounced and letters were *Page 257 
granted to a stranger. The application of decedent's mother for administration having been denied, she appealed. It was held that, "the resignation of the widow, and the disability of the children, the next of kin, rendered entirely inapplicable the mandate of the statute and left the probate court free, in the exercise of a sound discretion, to appoint any proper person to administer the estate. While the mother was of kin, she was not the next of kin of the deceased, within the meaning of the statute — i.e., next of kin entitled to distribution. The imperative command of this legislation is limited and restricted in its operations to a class to which the appellant does not belong. It does not require the grant to be made to the nearest of kin qualified to act." The rule and the reason is stated inCramer v. Sharp, 49 N.J. Eq. 558, "where there is no widow, administration must be granted, as was said by the present surrogate-general, in Donahay v. Hall, 18 Stew. Eq. 720, 721, to the next of kin, if one of them, who is not subject to personally disqualifying objections, will accept it, for the principle that underlies the grant is, that it shall be committed to those who are the ultimate or residuary beneficiaries — that is, to those whom the residue of the estate will go when the administration is completed. The right of administration grows out of the right to distribution, and, consequently, those who are entitled, by the statute of distribution, as to what remains as the intestate's clear estate, after the payment of debts and expenses of administration, have an exclusive primary right to administration."
In the cases relied upon by the appellant, all holding that the statute must be strictly obeyed and that administration must go to the next of kin unless personally disqualified, it will be found that the right to administration by next of kin entitled to distribution was at stake:
In Donahay v. Hall, 45 N.J. Eq. 720, the orphans court appointed a stranger. Upon an appeal by a brother of the decedent, one of the next of kin entitled to participate in the distribution of the estate, and who had applied for administration, this court reversed the decree, holding that the brother's right could not be set aside. *Page 258 
In Sayre v. Sayre, 48 N.J. Eq. 267, the surrogate appointed a son of the deceased without notice, as required by the rules, to another son equally entitled to administration. Upon appeal the court held that the appellant was entitled to his day in court to press his own claim and reversed the decree of the orphans court which had affirmed the action of the surrogate.
In Cramer v. Sharp, supra, the dispute was between sons and daughters of the intestate, next of kin and distributees, equally entitled to administration.
In In re Herrmann, 100 N.J. Eq. 277, the decedent left a will leaving his residuary estate to his brother for life with remainder to the latter's children. One of the executors was deceased; the other renounced. The brother, life tenant, applied for administration cum testamento annexo, but the prerogative court passed him by and appointed his daughter. The court of appeals reversed the appointment, holding that, under the statute, the brother being next of kin, beneficially interested, was entitled to be appointed.
Another objection made is that no notice was given to the appellant of the intended application for letters of administration by the respondent as required by rules 1 and 2 of the Orphans Court act. While he was next of kin, he was not entitled under the statute to administer and consequently was not entitled to notice.
The decree below will be affirmed. *Page 259