17 N.J. Super. 207 (1952)
85 A.2d 562
IN THE MATTER OF THE ESTATE OF HARRY C. FISHER. DECEASED.
Superior Court of New Jersey, Mercer County Court Probate Division.
Decided January 4, 1952.
*208 Mr. Eugene P. Hutchins, attorney, for the applicant, Mae E. VanNess.
Mr. Robert E. Dietz, attorney for the caveatrix and cross-applicant, Anna P. Evernham.
HUGHES, J.C.C.
These are cross complaints seeking establishment of the right of administration of the estate of Harry C. Fisher, who died intestate and resident in Mercer County on January 18, 1951. A second cousin of decedent named Clow renounced in favor of the initial applicant, Mae E. VanNess, who is a stranger to the blood of the intestate. Another second cousin, brother to Mr. Clow, is a non-resident and has been noticed properly of her application. An objection to such grant of administration rights was duly filed by one, Anna P. Evernham, who is the daughter of one, Anna Perrine, deceased. Anna Perrine was the daughter of a great-uncle or aunt of decedent. Mrs. Evernhan likewise seeks her own appointment as administratrix of the estate.
As stated, the brothers Clow are concededly second cousins of the decedent, and are next of kin in the sixth degree of kinship. It is contended by them that they, or their nominee, would be entitled to administration to the *209 exclusion of Mrs. Evernham, who is of the seventh degree of kinship. On the other hand, she points to the statutes which provide that under the contingency which exists here, the surplusage of the estate shall be distributed equally among the next of kindred of the intestate, in equal degrees, or their legal representatives (those legally representing their stocks). R.S. 3:5-6, N.J.S.A.; R.S. 3:26-6, N.J.S.A. These statutes now undoubtedly permit representation among collateral kindred. In re O'Mara, 106 N.J. Eq. 311 (Prerog. 1930). She stands, she says, in the position in which her mother would stand if alive, i.e., within the sixth degree of kinship and is, therefore, equally entitled to administration. She would be correct in this argument were it not for the exception to the rule which was established in the case of Smith v. McDonald, 71 N.J. Eq. 261 (E. & A. 1907). She does not take, per stirpes or otherwise, with those of equal degree to decedent unless her mother or father, if alive, would fall within the same class of relationship, i.e., that of second cousins to decedent in such equal degree. Such is not the case here. I do not consider that the rule of Smith v. McDonald, supra, has been overruled by the case of In re Miller, 103 N.J. Eq. 86 (Prerog. 1928), affirmed 104 N.J. Eq. 491 (E. & A. 1929), nor repudiated by any others of our reported decisions. While the principle has been criticized (Clapp, Wills and Administration, sec. 813), there is much logical force to its reasoning and, in any case, as a principle established by our former court of last resort, it is binding upon me.
I, therefore, determine that Mrs. Evernham has no right to share in distribution of the estate, and correspondingly, she has no right to administer it, even in preference to a stranger designated by the renunciation (or equivalent notice and failure to apply or object) of the next of kin who are entitled to distribution. The statutory mandate entitling next of kin to administer is limited to those next of kin who are distributees of the estate, for such is the true construction of the statutory words "next of kin." In re Stewart, 117 N.J. Eq. 256 (Prerog. 1934).
*210 For the above reasons, the complaint of Mrs. Evernham for administration of the estate is dismissed; her caveat objection to the application of Mrs. VanNess is dismissed; the brothers Clow, or one of them, may be appointed and may qualify; in the case of a sufficient renunciation by both, or its equivalent, their designee may be appointed and may qualify.
I think costs should not be allowed to either side of this controversy. An appropriate order may be presented.