23 N.J. Super. 229 (1952)
92 A.2d 857
IN THE MATTER OF THE ESTATE OF MARY P. ALLEN, A MENTAL INCOMPETENT, NOW DECEASED.
Superior Court of New Jersey, Chancery Division.
Decided November 21, 1952.
*230 Mr. Fredrick J. Waltzinger, attorney for plaintiff Russell V. Adams, guardian ad litem.
Messrs. Gilhooly, Yauch & Fagan, attorneys for Mrs. Leonard Rinehart, Lina Cook, Mrs. H. Martin, William M. Menagh and Charles E. Menagh.
*231 Messrs. Bowers & Bry-Nildsen, attorneys for Russell Tinsman, Floyd Tinsman and Margaret Kemple.
Messrs. Minard, Cooper, Gaffey & Webb, attorneys for Howard Menagh, Frank H. Menagh, Esther Garrabrant, Elizabeth Fraser and Robert M. Chapin.
Mr. Arthur L. Alexander, attorney for Mary (Mollie) Stryker.
PROCTOR, J.S.C.
This action seeks construction of N.J.S. 3A:4-5 which became effective January 1, 1952, insofar as it governs the descent and distribution of real and personal property of the estate of Mary P. Allen, deceased.
Mary P. Allen died intestate on March 28, 1952, possessed of real and personal property. The nearest relatives who survived the intestate were first cousins and children and grandchildren of deceased first cousins. The first cousins contend that they take per capita the entire real and personal property of the decedent's estate. On the other hand, the children and grandchildren of the deceased first cousins contend that they take per stirpes, i.e., the share of the deceased first cousin of whom they are the legal representatives.
The solution of these contentions calls for an interpretation of the statutes of descent and distribution as revised by N.J.S. 3A:4-5.
Prior to the enactment of the present revision, real property descended, in the absence of certain enumerated near kin as in this case, to the person or persons "of nearest degree of consanguinity to decedent * * * solely or in equal parts as tenants in common * * *." No provision was made for representatives among collaterals beyond issue of brother and sister. R.S. 3:3-8. Under this statute it was held that where a decedent left surviving first cousins and the issue of deceased first cousins, the first cousins took to the exclusion of the issue of deceased first cousins. *232 Schenck v. Vail, 24 N.J. Eq. 538 (E. & A. 1873). See also Dobbelaar v. Hughes, 109 N.J. Eq. 200 (E. & A. 1931).
The distribution of personalty was governed prior to the revision by R.S. 3:5-6. This statute provided that in the absence of enumerated near kin, as in the present case, the surplusage "shall be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives." Under this statute it was held that personalty should be distributed among the living first cousins and, per stirpes, the children of deceased first cousins. Smith v. McDonald, 71 N.J. Eq. 261 (E. & A. 1907); In re Miller's Estate, 103 N.J. Eq. 261 (Prerog. 1928), affirmed 104 N.J. Eq. 491 (E. & A. 1929).
The revision effective January 1, 1952 (N.J.S. 3A:4-5) provides:
"If there be no husband or widow, child or any legal representative of a child, nor a parent, brother or sister, nor a legal representative of any brother or sister, then the intestate's property, real and personal, shall descend and be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives. Representatives of ancestors nearest in degree to the decedent shall take to the exclusion of representatives of ancestors more remote in degree."
Counsel for the living first cousins argues that the term "legal representatives" as used in the above statute has reference to "executors and administrators"; that the words are of limitation and not substitution and that the real and personal property vests as under the rule in the descent of real property before the revision. There appear ten references to one or the other of the following terms: "legal representative," "legal representatives," "legally represent" and "representatives" in N.J.S. 3A:4-1 to N.J.S. 3A:4-5. For example, under N.J.S. 3A:4-2 it is provided that real property shall descend to the intestate's children "and such persons as legally represent any child who may have died * * *." It cannot be doubted that the children or grandchildren of a deceased child are within that designation.
*233 It is a general rule of construction that where a word or phrase occurs more than once in a statute, it should have the same meaning throughout unless there is a clear intention to the contrary. Oldfield v. New Jersey Realty Co., 1 N.J. 63, 69 (1948).
The language to be interpreted is that in N.J.S. 3A:4-5 providing that under the circumstances in this case the realty and personalty shall descend and "be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives." This language is identical with that appearing in the former statute regarding the distribution of personal property (R.S. 3:5-6). The term "legal representatives" as used in that statute has been held to mean the children, per stirpes, of deceased next of kin of equal degree with the living next of kin. In re Miller's Estate, supra.
Where a statute has been construed by a court of last resort and such statute is thereafter revised, but no change has been made as to that part which has been construed, it is a clear indication of the legislature's adoption of such construction. See State v. Moresh, 122 N.J.L. 77, 79 (E. & A. 1939).
It is apparent that the purpose of N.J.S. 3A:4-5 was to combine the statute of descent and the statute of distribution so that both realty and personalty will pass to the same persons and that representation shall be admitted among collaterals in regard to realty as was allowed in reference to personalty.
Counsel for the first cousins argues that a holding contrary to his contention would result in a division of the estate into such small parts that no one would really benefit and that, generally, it would render unduly burdensome the conveyancing of title to realty. Such criticism should be addressed to the legislature.
In view of what has been said above, the estate of Mary P. Allen should descend and be distributed as follows: the living first cousins take per capita and the children and *234 grandchildren of deceased first cousins take by right of representation the share to which their respective parent or grandparent would be entitled had such parent or grandparent survived the intestate.