47 N.J. Super. 120 (1957)
135 A.2d 533
IN THE MATTER OF THE ESTATE OF JOSEPHINE WOLBERT, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1957.
Decided October 21, 1957.
*121 Before Judges CLAPP, JAYNE and HUGHES.
Mr. Joseph B. Kauffman argued the cause for applicant-appellant (Messrs. Harry M. Tonkin and Joseph B. Kauffman, attorneys).
Mr. Wm. Elmer Brown, Jr., argued the cause for Alfred Steel, administrator, etc., et als. (Messrs. Brown and Frank, attorneys).
Mr. Richard S. Mischlich, attorney for Gretchen Wolbert and Priscilla Alden Riesenberg.
*122 The opinion of the court was delivered by CLAPP, S.J.A.D.
The question brought before the court by this appeal is whether under the descent and distribution statute a first cousin of Josephine Wolbert, the intestate, and issue of deceased first cousins, all descendants of Miss Wolbert's grandparents, take her intestate property to the exclusion of Mrs. Marie E.W. Spratt, a second cousin who is a descendant, not of Miss Wolbert's grandparents, but of her great grandparents. The Atlantic County Court, Probate Division, Judge Naame sitting, held they take to the exclusion of Mrs. Spratt, and the latter appeals. The question was raised in a proceeding brought by Mrs. Spratt in the County Court to set aside letters of administration granted by the surrogate as to the estate of Miss Wolbert.
Josephine Wolbert died intestate on November 3, 1956, a resident of Atlantic City, leaving neither spouse, nor issue, nor parent, nor any brother or sister or issue of brother or sister. Her closest next of kin was a first cousin, J. Walter Steel, related to her in the fourth degree. She also left surviving three children of a deceased first cousin, Francis P. Steel, Amanda Fell Steel and Alfred Steel. These four persons are issue of an uncle, a brother of the intestate's mother. Furthermore, Miss Wolbert was survived by Gretchen Wolbert and Priscilla Alden Riesenberg, issue of deceased first cousins who were themselves children of another uncle of Miss Wolbert, a brother of her father.
The Atlantic County Surrogate's Court issued letters of administration to Alfred Steel, upon the presentation to the court of renunciations from J. Walter Steel, Francis P. Steel and Amanda Fell Steel, containing a request that letters be issued to him. Mrs. Spratt then brought a proceeding in the County Court, Probate Division, N.J.S. 3A:2-3, R.R. 5:3-4(a), to set aside these letters on the ground that she is one of the next of kin and had never been given notice of Alfred Steel's application for administration. The right to administration belongs to the spouse and next of kin if they or any of them will accept the same. N.J.S. 3A:6-4. Further, see R.R. 4:99-3, made *123 applicable to the Surrogate's Court by R.R. 5:4-1. In the course of the proceeding before the County Court, Gretchen Wolbert and Priscilla Alden Riesenberg approved the issuance of the letters to Alfred Steel.
There is no merit whatever in Mrs. Spratt's claim that she is one of the next of kin. The point is disposed of by that sentence of N.J.S. 3A:4-5, which we have italicized below:
"If there be no husband or widow, child or any legal representative of a child, nor a parent, brother or sister, nor a legal representative of any brother or sister, then the intestate's property, real and personal, shall descend and be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives. Representatives of ancestors nearest in degree to the decedent shall take to the exclusion of representatives of ancestors more remote in degree."
The italicized clause in the statute provides in effect that where neither spouse, issue, parent, brother or sister or issue of brother or sister survive, then descendants of a grandfather  in this case a first cousin and, per stirpes, issue of deceased first cousins, paternal and maternal, In re Allen's Estate, 23 N.J. Super. 229 (Ch. Div. 1952); In re Miller's Estate, 103 N.J. Eq. 86 (Prerog. 1928), affirmed 104 N.J. Eq. 491 (E. & A. 1929)  take to the exclusion of other descendants of a great grandfather, such as Mrs. Spratt. As stated in the Foreword to Title 3A, p. xi, "this seems just. A person is more apt to know and therefore to want to provide for the lines of descent closer to him."
The aim of this clause may be made more apparent if we observe the state of the law as to the distribution of personal property, as it stood before this statute. Under the rule obtaining then, if an intestate should leave him surviving a great uncle as his next of kin nearest in degree, call him A, and if he also leaves cousins who are issue of deceased great uncles (they would be descendants of the intestate's great grandparents) and furthermore leaves cousins who are issue of deceased first cousins (they would be descendants of the intestate's grandparents), all the descendants *124 of the great grandparents would take per stirpes to the exclusion of all the descendants of the grandparents. See Smith v. McDonald, 71 N.J. Eq. 261, 266 (E. & A. 1907) (7 N.J. Prac. 290, 291), cf. In re Fisher's Estate, 17 N.J. Super. 207 (Cty. Ct. 1952), holding that distribution is made to the living kinsman nearest in degree, viz. A, a great uncle of the fourth degree, and "the representatives of those dead who, if living would answer the same description," that is (in the supposititious case) the representatives of deceased great uncles. The cited statute rejected this admittedly "fortuitous" (71 N.J. Eq., at page 268) rule. It adopted instead what has been called the parentelic system, a system that obtained under the English law of descent. Bordwell, "Law of Succession," 8 Rutgers L. Rev. 164 (1953); 2 Pollock and Maitland, History of English Law (2d ed. 1923), 295-297; 3 Holdsworth, History of English Law (2d ed.), 143-145; Smith v. Gaines, 36 N.J. Eq. 297, 299 (E. & A. 1882); Smith v. McDonald, 71 N.J. Eq. 261, 267 (E. & A. 1907). Contrast the parentelic system obtaining under 6 Mass. Laws Annot., c. 190, § 3(6) (1955). For digests of statutes quite similar to Massachusetts, see 5 Thompson, Real Property (1957), § 2455, par. 1 (California); § 2469, par. 1 (Maine); § 2472, par. 1 (Michigan); § 2473, par. 1 (Minnesota); § 2477, par. 1 (Nebraska); § 2484, par. 1 (North Dakota); § 2486, par. 1 (Oklahoma); § 2487, par. 1 (Oregon); § 2491, par. 1 (South Dakota); § 2494, par. 1 (Utah); § 2497, par. 1 (Washington); § 2499, par. 1 (Wisconsin); cf. § 2460, par. 1 (Florida); § 2467, par. 2 (Kentucky); § 2475, par. 1 (Missouri). Further, see Simes, Model Probate Code 63 (1946).
Mrs. Spratt was therefore not one of the next of kin of Miss Wolbert. That being so, she did not even have the standing to institute the proceeding in the County Court. For, under R.R. 5:3-4(a), only a "person aggrieved" may review a judgment of the Surrogate's Court. A person is not aggrieved by a judgment unless his personal or pecuniary interests or property rights have been injuriously affected *125 thereby. In re Lent, 142 N.J. Eq. 21, 22 (E. & A. 1945). It follows that Mrs. Spratt was not aggrieved by the Surrogate's Court judgment here.
Appeal dismissed, with costs to respondents.