47 N.J. Super. 262 (1957)
135 A.2d 582
CLARA R. RILEY, GERTRUDE McGARRIGLE HEUER, MARY G. McGARRIGLE, FRANK R. DUFFY AND THERESA M. DUFFY, HIS WIFE, PLAINTIFFS,
v.
MARY E. REILLY SMITH, HER HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, ETC., ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 22, 1957.
Messrs. Darby & McDonough (Mr. Andrew W. O'Rourke, appearing), attorneys for plaintiffs.
SULLIVAN, J.S.C.
This is a partition proceeding. However, the issue involves a determination of the ownership of the property in question.
*263 John J. Reilly died intestate and unmarried on April 21, 1954, the owner of the real property which is the subject of this suit. He left him surviving the following next of kin: Clara R. Riley, a first cousin; Walter Smith, a first cousin; William Smith, a first cousin; Frank R. Duffy, the only child of Mary E. Duffy, a deceased first cousin; Mary G. McGarrigle and Gertrude McGarrigle Heuer, daughters of Mary Ellen Franey, a deceased first cousin.
Since the commencement of this suit Gertrude McGarrigle Heuer, a widow, died testate, leaving the residue of her estate "in equal shares" to her three sons, Albert, John and Edmund, all of whom are of full age and two of whom are married. They and their spouses respectively, have been added as parties to this action.
The question arises as to who of the next of kin own the real property and in what degree. The applicable statute is N.J.S. 3A:4-5, which statute became effective January 1, 1952. It provides as follows:
"If there be no husband or widow, child or any legal representative of a child, nor a parent, brother or sister, nor a legal representative of any brother or sister, then the intestate's property, real and personal, shall descend and be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives. Representatives of ancestors nearest in degree to the decedent shall take to the exclusion of representatives of ancestors more remote in degree."
Prior to the present statute and under the provisions of R.S. 3:3-8, surviving first cousins would have inherited real property to the exclusion of the issue of deceased first cousins. Schenck v. Vail, 24 N.J. Eq. 538 (E. & A. 1873). The present statute N.J.S. 3A:4-5, supra, has been construed to change that rule and to permit the issue of deceased first cousins to share in a representative capacity. Where, therefore a person owning real property dies intestate, leaving as his sole next of kin first cousins and issue of deceased first cousins, the first cousins inherit per capita and the children or grandchildren of deceased first cousins inherit per stirpes, the share which their ancestor *264 (the deceased first cousin) would have taken had he survived. In re Allen's Estate, 23 N.J. Super. 229 (Ch. Div. 1952). See "The Law of Succession" 8 Rutgers L. Rev. 163. The applicable provision of N.J.S. 3A:4-5, supra, that the property "* * * shall descend and be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives," means next of kin living at the time of the intestate's death. Smith v. McDonald, 71 N.J. Eq. 261 (E. & A. 1906); In re Miller's Estate, 103 N.J. Eq. 86 (Prerog. 1928). The last sentence of N.J.S. 3A:4-5, supra, has no application here. Cf. In re Wolbert's Estate, 47 N.J. Super. 120 (App. Div. 1957).
It is therefore determined that the real estate owned by John J. Reilly has descended to his next of kin as follows: to Clara R. Riley, an undivided one-fifth interest; to Walter Smith, an undivided one-fifth interest; to William Smith, an undivided one-fifth interest; to Frank R. Duffy, an undivided one-fifth interest; to Mary G. McGarrigle, an undivided one-tenth interest; to Albert J. Heuer, John F. Heuer and Edmund J. Heuer, a one-thirtieth interest each. The above interests are subject to dower or curtesy rights of spouses, if any.
Since it is obvious that there cannot be a physical partition, a judgment for partition sale will be entered and the net proceeds are to be distributed to the persons and in the portions above indicated.