## STEPHENSON, ESTATE OF IN RE.

Probate Court, Jackson County.

No. 1170. Decided November 30, 1946.

Charles H. Jones, Jackson, for the Administrator.
Thomas H. Monger, Jackson, for Charles Droudner, et al.
Edward F. Lynch, Columbus, for Dorothy L. Phillips, et al.
Charles T. Vaughn, Youngstown, for Robert Johnson, et al.
Charles F. Boyd, Ozark, Mo., for Harry Welsh, et al.
Paul Welsh, Dallas, Tex., pro se.

## OPINION

By SLAVENS, J.

Clara Stephenson died intestate on April 14, 1945, and thereafter Vancil Leser was appointed Administrator of her Estate. On May 18, 1946, the Administrator brought this action in this Court for the purpose of determining the heirs-at-law of his decedent.

The parents of Clara Stephenson predeceased her and she

left surviving her no brothers or sisters or their lineal descendants. The paternal grandparent and the maternal grandparent also predeceased the decedent and both left lineal descendants surviving.

The decedent having died intestate, the right to share in her personal property and real estate is determined by the statutes in force at the time of her death on April 14, 1945. The provisions applicable are as follows:

Sec. 10503-4 GC,

"When a person dies intestate having title or right to any personal property, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course:

"1. If there be no surviving spouse, to the children of such intestate or their lineal descendants, per stirpes.

\* \* \* \* \* \*

"7. If there be no such brothers or sisters or their lineal descendants, one-half to the paternal grandparents of the intestate equally, or to the survivor of them, and one-half to the maternal grandparents of the intestate equally, or to the survivor of them.

"8. If there be no paternal grandparent or no maternal grandparent, then such one-half to the lineal descendants, if any, of such deceased grandparents, per stirpes; if there be no such lineal descendants, then to the surviving grandparent or grandparents or their lineal descendants, per stirpes; if there be no surviving grandparents or their lineal descendants, then to the next of kin of the intestate. There shall be no representation among such next of kin.

"9. If there be no next of kin, to stepchildren or their lineal descendants, per stirpes.

"10. If there be no stepchildren or their lineal descendants, escheat to the state of Ohio."

Sec. 10503-7 GC,

"When all the descendants of an intestate, in a direct line of descent, are on an equal degree of consanguinity to the intestate, whether children, grandchildren or great-grandchildren, or of a more remote degree of consanguinity to such intestate the estate shall pass to such persons of equal degree of consanguinity to such intestate in equal parts, however remote from the intestate such equal and common degree of consanguinity may be."

### Sec. 10503-8 GC,

"If some of the children of such intestate are living, and others are dead, the estate shall descend to the children who are living, and to the lineal descendants of such as are dead, so that each child of the intestate who is living will inherit the share to which he or she would have been entitled if all the children of the intestate were living, and the lineal descendants of the deceased child or children of the intestate inherit equal parts of that portion of the estate to which such deceased child or children would be entitled if such deceased child or children were living."

### Sec. 10503-9 GC,

"The provisions of the next preceding section shall apply in all cases in which the descendants of the intestate, not more remote than lineal descendants of grandparents as provided in §10503-4 GC, entitled to share in the estate, are of unequal degree of consanguinity to the intestate, so that those who are of the nearest degree of consanguinity, will take the share to which he or she would have been entitled, had all the descendants in the same degree of consanguinity with him or her, who died leaving issue, been living."

The above Statutes have been interpreted by the Supreme Court of Ohio in the case of **Snodgrass v Bedell, 134 Oh St 311,** (1938), wherein the Court judicially reconciled the apparent irreconcilability of the provisions of these Sections.

In an application of one of the rules announced in **Snodgrass v Bedell,** (supra) and §10503-4, pars. 7 and 8, the Court is of the opinion that the estate should first be divided into two equal parts, one part descending to those on the paternal side, and the other part descending to those on the maternal side, and for the purpose of determining the distributees thereof each part should be considered as a separate estate.

**Reimer v Finnegan, 32 O. O. 391,** (1945) in discussing a similar situation, reaffirms this rule in the following language in the syllabus:

"1. Where the heirs of the intestate consist of one uncle on the side of the paternal grandparents, and one aunt, issue of a deceased uncle and issue of a deceased aunt on the side of the maternal grandparents, the estate will be divided in halves, one-half to the paternal uncle and the other one-half

628

to the heirs on the maternal side, in accordance with §10503-4 GC.

"2. Where the heirs of the intestate consist of lineal descendants of both the paternal and the maternal grandparents, even though such heirs are on an equal degree of consanguinity to the intestate, the estate will be divided in halves, in accordance with §10503-4 GC."

In an effort to determine the identity of the distributees, descendants of the paternal lineal line, consideration must first be given to the disposition of the interest in said estate, if any, of Lewis Harmon, deceased, who was the son of Roxey Stephenson Harmon, a sister of Samuel Stephenson, deceased, who was the father of Clara Stephenson, decedent herein. It is alleged in the petition that Lewis Harmon is deceased and is believed to have left children but the Plaintiff herein has no information as to their identity, whether or not they are now living or dead and if dead whether or not they had lineal descendants. The unknown heirs of Lewis Harmon were made parties defendant and constructively served by publication. None of the unknown heirs of Lewis Harmon, deceased, entered an appearance and no one appeared on their behalf. No evidence concerning them, or any of them, their identity or whereabouts was produced or offered at the hearing of this cause. The administrator has exercised all possible precaution in providing notice of the pendency of this proceeding and it is the opinion of the Court that the Administrator should make distribution of this Estate and proceed upon the assumption that Lewis Harmon had no children or their lineal descendants surviving Clara Stephenson, deceased.

A like situation prevails in the Case of Edward Stephenson, known to be deceased, who was an uncle of the decedent herein, although the date of his death is unknown and there is no information as to whether or not he died leaving children and if he died leaving children, whether such children are living or dead and if such children, if any, survived the decedent herein and died later, whether or not they left lineal descendants. The unknown heirs of Edward Stephenson were made parties defendant and constructively served by publication but no one of them appeared and no one appeared in their behalf. It is the opinion of this Court that the Administrator should proceed to make distribution of the Estate upon the assumption that Edward Stephenson had no children or their lineal descendants surviving the decedent herein.

Everett Townsend, the son of Edna Harmon Townsend, is

named in the petition and it is alleged therein that the Plaintiff has no knowledge or information as to whether he is living or dead and if dead, whether he had lineal descendants and no evidence was submitted that he is deceased, or that he has been presumed to be dead under any statute or proceeding such as our Presumed Decedent's Act, (§10509-25 GC, et seq.). It must be presumed that he is living and was therefore alive at the date of the death of the decedent herein and his interest in the estate, as hereinafter determined, must be sequestered and protected in the manner provided by law and for such further proceedings as may be deemed necessary and advisable. See §§10506-78 to 83 GC; §§10509-194 to 198 GC; §10509-39 GC; §10509-25 et seq. GC.

The rule to be followed in this case was announced in Snodgrass v Bedell (supra) in the following language:

"Sec. 10503-7 GC, provides that when all the descendants of an intestate are of an equal degree of consanguinity they take equally. Under §10503-8 GC, if some of those are living and others are dead, leaving children, those living take the same per capita share to which they would be entitled if all were living, and the lineal descendants of those deceased take per stirpes. Sec. 10503-9 GC, applies this method in all cases where the descendants of the intestate are 'not more remote than the lineal descendants of grandparents.' "

Snodgrass v Bedell (supra) was discussed in Kincaid v Cronin, 28 Abs 475, 15 OO 199, (1939), and the rule stated therein in the following language:

"This rule that where the descendants, either lineal or collateral, are of equal degree of consanguinity, they take per capita as heirs in their own right, and not by representation has been consistently approved and followed in this state."

The evidence discloses that this decedent left as her nearest of kin, on her paternal side and lineal descendants of her paternal grandparent, fifteen first cousins surviving her and that she had ten first cousins who predeceased her who died leaving lineal descendants. The one-half of her said estate should be divided into twenty-five parts, the first cousins who survived the decedent herein, each taking a one-twenty-fifth part of said one-half of her estate on a per capita basis. The remaining ten equal parts shall pass and descend to the lineal descendants of her ten deceased first cousins on a per stirpes basis, and, specifically, as follows:

Emma Leach, a deceased first cousin, left surviving her a son, Herbert Leach, who inherits the per capita share of his mother on a per stirpes basis.

Warren Stephenson, a deceased first cousin, left two children surviving him and the decedent herein and his per capita share ·is divided between his two children, Gertrude Donally· and Irvine Stephenson, per stirpes.

William Stephenson, a deceased first cousin, left four children surviving him and these four children, Dorothy Myers, William S. (F.) Stephenson, Jr., June Stephenson and Evelyn Persinger, survived the decedent herein, and inherit the per capita share of their father on a per stirpes basis.

Clara Palmer, a deceased first cousin, left one child, Gerald Palmer, surviving her and this child survived the decedent herein. Gerald Palmer inherits his mother's per capita share on a per stirpes basis.

Ida Brown, a deceased first cousin, left three children, Wesley E. Brown, Ellsworth H. Brown and Hallie Brown Thomas Wallach, surviving her. Wesley E. Brown and Ellsworth H. Brown survived the decedent herein but Hallie Brown Thomas Wallach predeceased her and left surviving their mother and also the decedent herein three children, Homer Thomas, Jean Wallach and Ned Wallach. The per capita share of Ida Brown shall be divided into · three equal parts and descend, per. stirpes, to Wesley E. Brown and Ellsworth H. Brown, the surviving children of Ida Brown, and to the three surviving children of Hallie Brown Thomas Wallach, the deceased daughter of Ida Brown, who take equally the per stirpes share their mother would have taken had she been living at the date of the death of Clara Stephenson.

Franklin Herbert Johnson, a deceased first cousin, left surviving him five children, Herbert E. Johnson, Orion A. Johnson, Edwin E. Johnson, Raymond M. Johnson and Ernest Johnson. Ernest Johnson predeceased the decedent herein and left surviving the following children, Edna E. Johnson, Robert E. Johnson and Llewellyn Johnson, who also survived the decedent herein. The per capita share of Franklin Herbert Johnson shall be divided into five equal parts, and the five equal parts shall descend, per stirpes, to his four surviving children and to the surviving children of his deceased child, Ernest Johnson, the surviving children of Ernest Johnson taking in equal parts the per stirpes share their father would have taken had he been living at the date of the death of Clara Stephenson.

Herbert Stephenson, a deceased first cousin, died leaving one child, Fannie Wood, and the per capita share of Herbert Stephenson descends to his daughter, Fannie Wood, per stirpes.

Edward Stephenson, a deceased first cousin, died leaving four children, Orville Stephenson, Clifford Stephenson, Hazel Jacobs, and Roy Stephenson, and the per capita share of Edward Stephenson is to be divided among his four children, per stirpes.

Nancy E. Welsh, a deceased first cousin, was the mother of ten children, eight of whom survived the decedent herein and two predeceased her. One of her children, Eva Josephine Fox, who predeceased the decedent herein, had eleven children all of whom are now living. Mrs. Ora Fife, the second child of Nancy E. Welsh who predeceased the decedent herein, left two children surviving her and the surviving two children are now living. The per capita share of Nancy E. Welsh passes to her ten children per stirpes, and the eleven children of Eva Josephine Fox are entitled to have divided among them their mother's per stirpes share and the two living children of Mrs. Ora Fife are entitled to have divided between them their mother's per stirpes share.

Edna Harmon Townsend, a deceased first cousin, died leaving six children, including Everett Townsend, heretofore discussed, surviving the decedent herein and the per capita share of Edna Harmon Townsend descends to her six children on a per stirpes basis.

The question of the devolution of the interest, if any, of Lewis Harmon, a deceased first cousin of the decedent herein, has been heretofore discussed and disposed of, as has also the problem presented concerning Edward Stephenson, deceased, who was an uncle of the decedent herein. The above statements care for the distribution of the one-half of the estate descending to those on the paternal lineal line.

The Court will now concern itself with the distribution and descent of the remaining one-half of the estate devolving to those on the maternal lineal line inasmuch as the descent depends upon the particular circumstances existing in the particular branch of the family and the apportionment being made as if there were two estates instead of one.

John Rapp and Dorothy Rapp, both deceased, were the maternal grandparents of Clara Stephenson. Dorothy Rapp, maternal grandmother, was married one time prior to her marriage to John Rapp and by such prior marriage was the mother of two children, Joseph Myers, Sr. and Mary Myers Droudner, both deceased. Joseph Myers, Sr. was the father of

two children, Joseph Myers, Jr. and Roy Myers. Mary Myers Droudner was the mother of two children, Charles Droudner and Henry Droudner, both now living.

The question arises concerning the probability of the lineal descendants, by a prior marriage, of the grandmother of the decedent herein inheriting a portion of her estate. The case of **Shepard, Admr. v Wilson, et al, 61 Oh Ap 191, (1938)**, appears to be dispositive of this question, the syllabus reading as follows:

"Where the decedent's paternal grandmother had ·been married three times and had left lineal descendants from each marriage, and there are no kin more closely related to the decedent, within the terms of §10503-4 GC, paragraph 8, these lineal descendants of all three marriages are entitled to share in the estate of the decedent. There is no distinction between blood of the whole and the half blood."

The concluding paragraph of **Shepard, Admr. v Wilson, (supra)** is as follows:

"We, therefore, conclude that the Probate Court was correst in tracing descent through the ancestor common to descendants of all three husbands of the mother of the father of decedent."

See also **Oldiges, Admr. v Osborn, 11 OO 506, (1938)**.

On the maternal lineal line the first cousins of the decedent herein are those living persons most closely related to the decedent and according to the rule heretofore announced, are to be taken as the stirpes. Rosa Simpson Thayer, Earl Phillips, Charles Droudner and Henry Droudner are first cousins of the decedent and are known to have been living at the time of her decease. William Simpson, is a first cousin but it is not known whether he was living or dead at the date of the death of the decedent herein. No evidence was submitted at the hearing that he was either living or dead and no evidence was offered that he has been presumed to be dead under any statute or proceeding such as our Presumed Decedent's Act, §10509-25 GC, et seq. It must be presumed that he is now living and was therefore alive at the date of the death of the decedent herein and his interest in the estate must be sequestered and protected in the manner provided by law and for such further proceedings as may be deemed necessary and advisable.

Fred Phillips was a first cousin of the decedent but predeceased her, leaving surviving him six children who shall have divided among them, per stirpes, the per capita share of their deceased father, Fred Phillips.

Joseph Myers, Jr. was a first cousin of the decedent and predeceased her. There is no information as to whether or not he left lineal descendants. His unknown heirs and lineal descendants were made parties defendant herein and constructive service was had upon them by publication. None of his heirs or lineal descendants appeared, no one appeared in their behalf at any stage of this proceeding and no evidence concerning them, or any of them, or their identity or whereabouts, was submitted at the hearing of this cause and the administrator should proceed in the distribution of this estate upon the assumption that Joseph Myers, Jr., deceased, left no lineal descendants surviving him.

Roy Myers is a first cousin of the decedent, but there is no information as to whether he is living or dead. There being a dearth of information concerning his being alive or dead, it must be presumed that he is now living and therefore survived the decedent herein and his interest in the estate must be sequestered and protected in the same manner as that of William Simpson, heretofore discussed.

In the division of the one-half of the estate devolving to those in the maternal line of descent, it is to be noted that this one-half of the estate shall be divided into seven parts, the six living first cousins or those presumed to be living each taking a one-seventh share on a per capita basis with the per capita share of Fred Phillips, a deceased first cousin, passing to his six children per stirpes.

Counsel for the administrator shall prepare an appropriate entry in accord with this opinion.