94 N.J. Super. 28 (1967)
226 A.2d 735
BRIDGEWATER LEASING CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MILTON WOLLMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1967.
Decided February 14, 1967.
*30 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Gerald Span argued the cause for appellant (Messrs. Schiff, Cummis & Kent, attorneys; Mr. Stuart J. Freedman, on the brief).
Mr. Edward J. Johnson, Jr. argued the cause for respondent (Messrs. Leahy, Barbati & Berdinella, attorneys).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Plaintiff appeals from a Chancery Division judgment dismissing its complaint in a quiet title action.
*31 Plaintiff corporation claims to be the successor in title to six lots, located on the west side of Fourth Street, between Second and Third Avenues in Bridgewater Township, Somerset County, conveyed to it by Fred and Mildred G. Kautzman. The Kautzmans were grantees under a duly recorded deed from Kate Herrmann, widow of Carl F. Herrmann, also known as Charles F. Herrmann, dated July 12, 1947. Herrmann, who had procured title to the premises in 1911, died intestate January 18, 1924, leaving him surviving his widow Kate and his son Karl. The son died May 19, 1944, survived by his mother, Kate Herrmann, who thereafter in 1947 conveyed to the Kautzmans. Kate died April 7, 1949.
In October 1965 the Kautzmans instituted a quiet title action in the Chancery Division pursuant to N.J.S. 2A:62-11 et seq., alleging that they had been in peaceable possession of the premises in question since the recording of their deed, and that no action was pending to enforce or test the validity of their title. Named as defendants were the unknown heirs, devisees, grantees, assigns or successors of Karl Herrmann. Service was attempted to be made by publication under R.R. 4:4-5 (c). Four persons claiming to be parties in interest filed a joint answer.
Two weeks after the filing of the complaint the Kautzmans executed a deed to plaintiff Bridgewater Leasing Corporation, which deed was duly recorded. Plaintiff and the present defendant, Milton Wollman, were both engaged in assembling tracts of land in Bridgewater Township in an area known as the "Golden Triangle" for the purpose of competitively bidding for township-owned land in that area in order to construct a retail shopping center. Wollman had purchased the interests of some of the Herrmann heirs subsequent to the filing of the Kautzman complaint. The original complaint was amended at pretrial to name Bridgewater as plaintiff and Wollman as defendant.
The parties agree that the following accurately sets out the devolution of title after Carl F. Herrmann's death in 1924. Having died intestate, his title to the property passed to his *32 surviving son, Karl, by virtue of the then applicable statute, R.S. 3:3-2 (Rev. 1877, p. 297, § 1 [C.S., p. 1917, § 1], as amended by L. 1931, c. 11, § 1), subject to the dower right of his widow Kate. Son Karl died intestate in May 1944, leaving no wife or children and seized of the lots in question. By virtue of the then applicable statutes, R.S. 3:3-6 and 8, title to the property vested in his nearest relatives by the blood of his father. There were four such relatives: Wilhelmina Schaefer, Frederick A. Herrmann, Sophia Kaul McCoy and Louisa Handloser, brothers and sisters of his father Carl.
Sophia Kaul McCoy died intestate in January 1927, leaving one child, Charlotte Kaul Frederick, who died testate in May 1951, devising all her real estate to her husband Francis J. Frederick. On September 14, 1965 defendant Wollman took a deed from Mr. Frederick of all his interest in the subject premises.
Louisa Handloser died testate in August 1945, devising her real property to two of her three children: Emma Handloser, unmarried, and Bertram F. Handloser. Bertram died in February 1962, and by his will left his real estate to his children, Louise H. Henny and John S. Handloser, and to his widow Irene. Defendant acquired Emma Handloser's interest in the premises in question by deed dated December 16, 1965 and duly recorded. He also purchased the interest of Bertram F. Handloser by deeds from the co-trustees of his estate and from Irene, his widow, both being dated February 25, 1966.
The remaining heirs, Wilhelmina Schaefer and Frederick A. Herrmann, or any of their heirs or successors, could not be located.
In order to settle the quality of the title it had acquired from the Kautzmans, Bridgewater, pursuant to leave granted in the pretrial order, filed an amended quiet title complaint on April 4, 1966, which incorporated by reference the allegations of the original Kautzman complaint as against defendant Wollman. By way of added counts it charged Wollman with unfair competition and with malicious interference with *33 plaintiff's prospective economic advantage gained from its purchase of the lands in question and its contracts to purchase other lands for the purpose of assembling a tract for a retail shopping center.
At final hearing Wollman preliminarily challenged the jurisdictional prerequisites alleged by Bridgewater as a basis for its quiet title action; more specifically, he maintained that "ownership" was not "claimed" within the meaning of N.J.S. 2A:62-11. The challenge was based on the assumption that since the property had descended to the brothers and sisters of Carl F. Herrmann upon the intestate death of Karl Herrmann, Kate Herrmann had conveyed no more than her dower interest to the Kautzmans  a right which was extinguished by her death in 1949. The trial judge, treating this challenge as a motion to dismiss, denied the motion, finding that Kate Herrmann was not a stranger to the title. Defendant has not cross-appealed from this denial.
All other considerations aside, it would appear that the Kautzmans  and presently Bridgewater as their claimed successor in title  could institute an action to quiet title under N.J.S. 2A:62-2, whose provisions are made applicable to a proceeding under N.J.S. 2A:62-11 by reason of the borrowing provisions of N.J.S. 2A:62-12. N.J.S. 2A:62-2 reads:
"If the lands are not, by reason of their extent or because they are wild, wood, waste, uninclosed or unimproved, in the actual peaceable possession of the owner or person claiming ownership, the owner or person claiming ownership in fee under a deed or other instrument, duly recorded in this state, who has paid taxes thereon and to whom or to whose grantors the taxes thereon have been assessed for 5 consecutive years immediately prior to the commencement of the action authorized by section 2A:62-1 of this title, shall, if no other person is in actual possession thereof be presumed to be in peaceable possession thereof, and shall have all the rights and benefits of and be subject to all the provisions of this article and articles 2 and 4 of this chapter."
It is undisputed that the six lots are vacant lands; that plaintiff (like the Kautzmans) claims peaceable possession, and that taxes have been assessed and paid for at least five *34 consecutive years immediately prior to the commencement of the action.
It was assumed at trial that the Herrmann property had descended evenly among the four brothers and sisters, and that by acquiring deeds from two of those branches Wollman had established a one-half interest. Overlooked by everyone was the fact that Sophia Kaul McCoy predeceased the intestate, Karl Herrmann, by some 17 years. Consequently, her daughter, Charlotte Kaul Frederick, never acquired any interest in the property, nor did her husband Francis to whom she left all her real estate. There being no representation amongst collateral heirs other than Sophia's brother, Frederick A. Herrmann, and her two sisters, Louisa Handloser and Wilhelmina Schaefer, prior to 1952, the property descended in three equal shares. In re Allen, 23 N.J. Super. 229 (Ch. Div. 1952).
This fact, however, does not affect the fundamental principle in dispute and mentioned immediately hereafter, since no judgment was entered granting Wollman a specific interest in the land. The trial judge orally held that defendant had established an interest in the land (mistakenly fixed at one-half) and had also demonstrated that Bridgewater had no interest whatever because the Kautzmans had purchased only Kate Herrmann's dower interest which ended at her death. The final judgment merely dismissed the complaint, with prejudice.
On this appeal plaintiff has abandoned its claim of unfair competition and malicious interference with prospective economic advantage. Nor does plaintiff challenge defendant's interest in the land except as to extent  one-third instead of one-half. Plaintiff attacks only the trial judge's refusal to quiet title in Bridgewater as to the remaining two-thirds interest for which no defendants appear.
Plaintiff claims that the unknown defendants whose identity was disclosed at final hearing were persons whose title could not be ascertained by a title search of the subject property for a period of 60 years immediately prior to the commencement *35 of suit, and therefore it was entitled to a judgment of quiet title against them. Plaintiff refers to the policy statement contained in N.J.S. 2A:62-15 of the Quiet Title Act:
"This article shall be liberally construed to effect its purpose, which is to create a procedure by which it may be established that certain named persons have a marketable title to all of the estate in fee simple of lands defined by a judgment entered in such an action, so that there shall be no occasion for lands in this state being kept out of the market because of uncertainty as to who the owner of every interest therein may be."
The judgment, says Bridgewater, leaves a two-thirds interest in vacant lands without any named owner, despite its claim that it in good faith purchased the property for a valuable consideration from the record owner who, in turn, had held the property for some 18 years, during which time taxes were regularly paid.
Before addressing ourselves to this issue, it should be pointed out that the attempted service of process in the original quiet title action upon absent and unknown defendants by publication pursuant to R.R. 4:4-5(c) was defective. The rule provides that service upon an absent defendant may be made by "publishing a notice 4 times during 4 consecutive calendar weeks, once in each week in a newspaper published in the county in which the venue is laid," and that such notice "shall be in the form of a summons." R.R. 4:4-2 deals with the form of a summons and states that it shall, among other things, contain "the time within which these rules require the defendant to serve his answer." And R.R. 4:12-1(a) requires that a defendant serve his answer within 35 days after publication is completed under R.R. 4:4-5(c).
The published notice in this case called upon defendants in the Kautzman action to answer the complaint "within 35 days after exclusive of such date" (sic). Plaintiffs neglected to insert the date of the last publication of the notice and thereby failed to inform the unknown defendants of the time within which they had to act. A person reading the published *36 notice might believe that he was barred from filing an answer once the 35-day period after the date of the first publication had expired when, in fact, he would have at least three weeks' additional time in which to do so.
The notice did not comply with the mandate of R.R. 4:4-2. In Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (1952), the court stated that "The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with," and therefore held that the defects there present left the trial court without jurisdiction: its judgment was void. See also, Ammond v. Lafayette, 63 N.J. Super. 86, 89 (App. Div. 1960).
Accordingly, the Chancery Division in the case before us never acquired jurisdiction over the unknown defendants who failed to answer the complaint, and so could not grant a judgment terminating any rights they might have had in the property in question.
Passing the question of defective process, plaintiff cannot prevail on the merits. The Kautzmans initiated the present action on a claim of peaceable possession and the payment of taxes for well over five years. They relied, too, upon the deed they had received from Carl F. Herrmann's widow, Kate, as giving them at least a color of title. But this was before anyone knew that Carl F. Herrmann had two brothers and two sisters. That fact was disclosed by defendant Wollman's search and by the testimony below, and is not disputed. Such being the case, Kate Herrmann's interest in the property was limited by the then applicable law to her dower right. The Kautzmans, and thus plaintiff as their grantee, could get no more than this. Since Kate's dower expired at her death in 1949, the Kautzmans, and therefore plaintiff, were left with no interest at all.
It is inconceivable that simply because the procedure in quiet title cases is to force a defendant to show better title than plaintiff (once plaintiff satisfies the jurisdictional requirements of a claim of ownership plus peaceable possession), a plaintiff with no interest at all may then have an *37 affirmative judgment despite the fact that the proofs adduced by defendant at a full hearing show without contradiction that plaintiff has no title whatsoever. We know from the record, and it is conceded, that defendant has an unquestioned one-third interest in the six lots, the remaining two-thirds interest being lodged in the unknown heirs, devisees, grantees, assigns or successors of Wilhelmina Schaefer and Frederick A. Herrmann, the sister and brother of Carl F. Herrmann, as to whose whereabouts and existence nothing is known. A plaintiff cannot get affirmative relief where the proofs show that he has no present vested interest in the land. Cf. Oberon Land Co. v. Dunn, 60 N.J. Eq. 280 (Ch. 1900); Brady v. Carteret Realty Co., 82 N.J. Eq. 620 (E. & A. 1914). In light of the proofs as developed at the Chancery Division hearing, plaintiff has no title upon which it can rest, and we cannot therefore direct that it be declared a co-tenant with defendant, as plaintiff would have us do.
N.J.S. 2A:62-6 declares that the court, after inquiring into and determining such claims, interest and estate as may be involved in a quiet title action (N.J.S. 2A:62-5), shall "finally settle and adjudge whether a defendant to the suit has an estate, interest or right in * * * the affected lands, or any part thereof, and what the same is and in or upon what part of the affected lands it exists," And see Wilomay Holding Co. v. Peninsula Land Co., 36 N.J. Super. 440, 446-447 (App. Div. 1955), certification denied 19 N.J. 618 (1955), where we criticized the form of the trial court's determination as not in compliance with that statute which, we held, calls for the court to enter a judgment "establishing those claims and rendering them definite, so as to inform the complainant precisely what their character and extent in fact are." The judgment, we said, should as a matter of form "have adjudged that the plaintiff has no interest in certain lands (describing them); and that in respect to said lands, so far as relates to any claim thereto by or on behalf of the plaintiff, the defendant has an estate in fee simple." (at page 447)
*38 Defendant admits that he did not ask for a judgment in the form to which he was entitled, but consented to the form of the judgment as entered. Insofar as plaintiff is concerned, we hold that the dismissal of its complaint was proper; the judgment, in effect, determined that it had no interest which required protection. However, in the exercise of our original jurisdiction, it appears proper to modify the Chancery Division judgment so as to settle defendant's one-third interest.
We are not called upon to discuss the possibility of plaintiff acquiring title by adverse possession after the necessary statutory period, measured from the execution and delivery of Kate Herrmann's deed to the Kautzmans. See N.J.S. 2A:14-6, 7, 30 and 31.
The judgment is affirmed. However, the parties shall return to the Chancery Division for the entry of a judgment which will set out defendant's one-third interest.