S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the Public Administrator, objections to the allegation in the petition that the distributees were unknown were filed by one Hans Joachim Baum, among others, who asserted his status as a person entitled to share in the inheritance as a “ first cousin of the decedent on the paternal side as well as on the maternal side * * * so as to give him a per capita share in each of these two capacities ”. It was established by proof adduced on the hearing that the objectant was in fact related to the decedent in the degree asserted in his answer on both the maternal and paternal sides of her family and that she was also .survived by three other first cousins.
Distribution in this estate is governed by the provisions of subdivisions 7 and 9 of section 83 of the Decedent Estate Law, in effect on the date of the death of the decedent on June 2,1966. That statute provided in those subdivisions as follows:
“ 7. If there be no surviving spouse, and no children, and no representatives of a child, and no parent, and no brothers or sisters and no person legally representing brothers and sisters who shall have died, the whole shall descent and be distributed to the surviving grandparents of the deceased in equal shares; if there be no grandparents of the deceased, then to the issue of the grandparents in the nearest degree of kinship to the deceased.”
*220 1‘9. Where the distributees of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal.”
There is nothing in the language of the quoted text to suggest that it was the intention of the Legislature to confer a double portion of an intestate share upon a person who enjoyed a dual relationship to the decedent. On the contrary it was expressly stated that “where the distributees of the deceased * * *
are all in equal degree to the deceased, their shares shall be equal ”.
There is a paucity of authority on the question at issue in this proceeding but what authority there is holds uniformly to the view that a dual relationship does not entitle the holder to a multiple inheritance. In a note in Ann. 54 ALB, 2d 1009 the subject came under discussion on page 1017. It was there said:
“ It has been held that the degree of a claimant’s cousinship relation to the intestate is not affected by the fact that it may be traced through both the paternal and the maternal lines (Franklin v. Hastings (1911) 253 Ill. 46, 97 NE 265, Ann Cas 1913A 135), and, in the absence of any provision to the contrary, that the existence of such dual relationship does not entitle one to a double share of the inheritance (Re Adams (1903) 6 Ont. L. 697; Troop v. Robinson (1911) 45 Nov. Sc. 145). But under a provision for the division of the estate into moieties, one going to the paternal and the other to the maternal kindred, it has been held that a double cousin is entitled to share in the inheritance of each moiety (Shearer v. Gasstman (1933, Prob) 31 Ohio NP. NS. 219, 15 Ohio L. Abs. 103).'”
To like effect see Franklin v. Hastings (253 Ill. 46, 55-56) where the court said: “It is urged that the court erred in not finding that the appellant Charles Hopkins was related to the testatrix in the same degree on both her maternal and paternal sides. He was the ,son of her father’s sister and her mother’s brother. It was immaterial. He was her cousin, and the degree of his relationship was not affected by the fact that it could be traced through two lines of descent. There would be no representation in this case.”
If the reasoning of the authorities cited is determinative of the question, and the court holds it so to be, the objections of Hans Joachim Baum and his claim to a multiple share of the distributable estate is not saved by the moiety exception to the rule inasmuch as distribution on that basis has never been recognized in the New York law of succession. His objections are accordingly dismissed and he is held to be entitled to a share of *221 the estate equal to that of each of the other three persons whose relationship to the decedent in equal degree was established.
The court approves the stipulation of settlement disposing of the other matters at issue.
Submit decree on notice settling the account as filed embodying the decision here made.