160 N.J. Super. 597 (1978)
390 A.2d 703
ETHEL WOOD, ADMINISTRATRIX OF THE ESTATE OF JOHN E. KREMOLAT, DECEASED, PLAINTIFF-RESPONDENT,
v.
ETHEL WOOD, ADMINISTRATRIX OF THE ESTATE OF LOUISE WOOD, DECEASED, DEFENDANT-APPELLANT, AND EDNA C. SCHMIDT, ADMINISTRATRIX C.T.A. OF THE ESTATE OF LILLIAN HERM, A/K/A LILY HERM, LILIE HERM AND AS ANNA HERM, DECEASED, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 12, 1978.
Decided July 5, 1978.
*598 Before Judges MICHELS, PRESSLER and BILDER.
Mr. Paul J. Vichness argued the cause for the appellant (Messrs. Hood, Mintz & Vichness, attorneys).
Mr. Bennett Wasserstrum argued the cause for the respondent Edna C. Schmidt.
The opinion of the court was delivered by PRESSLER, J.A.D.
This appeal raises a novel question involving the application of the descent and distribution provisions of N.J.S.A. 3A:4-5.
*599 Decedent John E. Kremolat died intestate on December 16, 1973, leaving surviving him his maternal grandmother Lillian Herm and a paternal aunt Louise Wood. No direct descendants of his maternal grandparents survived and no direct descendants of his paternal grandparents other than their daughter Louise Wood survived.[1] The question, then, is who takes and in what proportion. The grandmother's claim is that she shares equally with the paternal aunt. The paternal aunt claims that she is entitled to a two-thirds share of the estate. The trial judge agreed with the grandmother and we concur.
The controlling statute, N.J.S.A. 3A:4-5, provides in full as follows:
If there be no husband or widow, child or any legal representative of a child, nor a parent, brother or sister, nor a legal representative of any brother or sister, then the intestate's property, real and personal, shall descend and be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives. Representatives of ancestors nearest in degree to the decedent shall take to the exclusion of representatives of ancestors more remote in degree.
Judge Clapp, in his treatise, offers the following practical formulation for determining descent and distribution among collaterals under the statute, viz.:
* * * divide the intestate's personalty and realty equally so that one share is allotted to that one of his kinsmen, living at his death, who is nearest to him in degree; one share is allotted to each other person in the same degree of kindred, living at the intestate's death; and one share is allotted to each such person then deceased leaving issue then living. Each is entitled to the share allotted to him, except that to the issue is allotted per stirpes their respective decedents' shares. [7 N.J. Practice (Clapp, Wills & Administration), § 1597 at 299 (1962)] *600 The initial instruction of this formulation is easily followed. The living kinsman nearest in degree to decedent at the time of his death was the maternal grandmother, two steps removed. See, e.g., In re Wolbert, 47 N.J. Super. 120 (App. Div. 1957). Therefore, the relational level of takers is clearly grandparental and the surviving grandmother just as clearly takes a share. The problem arises out of the second instruction, to wit: "one share is allotted to each such person then deceased leaving issue then living." The aunt claims that each of her deceased parents, namely decedent's paternal grandparents, is entitled to the allotment of an equal share, resulting in a total of three grandparental shares and that she, as the sole issue of her parents, is therefore entitled to take each of their shares by representation. Thus, she concludes, the maternal grandmother takes one of the three shares and she takes the other two. The surface logic of this reasoning does not, however, withstand close analysis.
To begin with, we are satisfied that the statutory draftsmanship reflects a clear and definitive legislative intention regarding descent and distribution when the intestate is survived only by collateral descendants. See, e.g., In re Allen, 23 N.J. Super. 229 (Ch. Div. 1952); In re Wolbert, supra; Bridgewater Leasing Corp. v. Wollman, 94 N.J. Super. 28 (App. Div. 1967). And see Clapp, Forward to Title 3A, at IX-XII. The statute, however, is in our view ambiguous in respect of representative takers when the nearest living kinsman is an ancestor more remote than a parent. That is to say, when a right to a share arises by reason of representation, typically it arises because the representative takes in the place of that one of his parents who is in the decedent's bloodline. In that situation, application of the Clapp formula is relatively simple. In the instant situation, which the statute does not directly address, both of the representative's parents are in the decedent's bloodline  and that, of course, is the significant difference when the nearest living kinsman is an ancestor *601 rather than a decedent or a collateral relative. Does this "double bloodline" result in the issue taking a double share or does the issue take a single share as the representative of his deceased parents as a single unit?
This ambiguity in the present statute has been definitively clarified by the new Probate Act, L. 1977, c. 412, effective by reason of L. 1978, c. 30, on September 1, 1978. Section 38(d) of that act (to be codified as N.J.S.A. 3A:2A-35) provides in full as follows:
If there is no surviving issue, parent or issue of a parent, but the decedent is survived by one or more grandparents;
(1) Half of the estate passes to the paternal grandparents equally if both survive, or to the surviving paternal grandparent; or if both are deceased and the decedent is survived by maternal grandparents or grandparent, then to the issue of the paternal grandparents, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take by representation;
(2) The other half passes to the maternal grandparents equally if both survive, or to the surviving maternal grandparent; or if both are deceased and the decedent is survived by paternal grandparents or grandparent, then to the issues of the maternal grandparents, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree, those more remote take by representation;
(3) If the decedent is survived by a grandparent or grandparents only on the paternal side or only on the maternal side and by no issue of the grandparents on the other side, the entire estate passes to the surviving grandparent or grandparents equally;
Thus, were the problem before us to have arisen under the new Act, the express provisions of subsections (1) and (2) would mandate the conclusion that the maternal grandmother and the paternal aunt would each take one-half. We are, however, persuaded that that result obtains under the present statute as well.
First, the applicable provisions of the new act are reasonably construable as neither contradictory to nor inconsistent with the present statute but rather as only explanatory and clarifying thereof. It is, moreover, a well settled canon *602 of statutory construction that amendatory legislation "may be resorted to for discovery of legislative intent in the enactment amended." Matawan v. Monmouth Cty. Tax Bd., 51 N.J. 291, 299 (1968). And see Eatontown v. Danskin, 121 N.J. Super. 68, 76 (Law Div. 1972). We are persuaded, particularly in view of the anomaly implicit in the maternal aunt's contention, that § 38(d) of the 1978 act constitutes an effective elimination of the existing ambiguity in the present statute. Hence, in respect of grandparental survivorship, we regard § 38(d) as declarative of the Legislature's original intent in its adoption of N.J.S.A. 3A:4-5.
We are, moreover, satisfied notwithstanding § 38(d) of the 1978 act that this estate should be equally distributed between the aunt and the grandmother. In our view the paternal aunt's claim that she should receive a double share would produce an unacceptable result, considering among other factors her greater degree of removal from the decedent. Thus, we note that N.J.S.A. 3A:4-5 speaks only to distribution of equal shares among those equally entitled. The paternal aunt is entitled to share in this estate because of her representative status. But having been determined to be a person entitled to share, her entitlement is no greater than a right to share equally with all others entitled to share. Such an interpretation of the "distributed equally" language of our statute accords with a similar judicial interpretation of analogous language in the New York Decedent Estate Law, § 83, subdivisions 7 and 9.[2] In In re Estate of Schottenfels, *603 64 Misc.2d 219, 314 N.Y.S.2d 719 (Surr. Ct. 1970), aff'd o.b. 38 A.D.2d 534, 327 N.Y.S.2d 557 (App. Div. 1971), the takers were four first cousins. One of these cousins was a first cousin both on the decedent's mother's side and on the decedent's father's side. He, therefore, asserted his entitlement to two shares. The court, rejecting his contention, held that
There is nothing in the language of the quoted text to suggest that it was the intention of the legislature to confer a double portion of an intestate share upon a person who enjoyed a dual relationship to the decedent. On the contrary it was expressly stated that "where the distributees of the deceased * * * are all in equal degree to the deceased, their shares shall be equal." [314 N.Y.S.2d at 720]
The court further noted that "what authority there is holds uniformly to the view that a dual relationship does not entitle the holder to a multiple inheritance". 314 N.Y.S.2d at 720. And see cases collected in Annotation, Descent and Distribution  Cousins," 54 A.L.R.2d 1009, 1017 (1957). We regard this principle not only as sound but as applicable to and hence dispositive of the aunt's claim that she is entitled to a double share as the sole issue of each of her own parents.
Affirmed.
NOTES
[1] Since the death of decedent, both Lillian Herm and Louise Wood have died and this action accordingly is prosecuted by Edna C. Schmidt and Ethel Wood, their respective administratrices, Ethel Wood also being the administratrix of the decedent's estate.
[2] If there be no surviving spouse, and no children, and no representatives of a child, and no parent, and no brothers or sisters and no person legally representing brothers and sisters who shall have died, the whole shall descend and be distributed to the surviving grandparents of the deceased in equal shares, if there be no grandparents of the deceased, then to the issue of the grandparents in the nearest degree of kinship to the deceased.

* * * * * * * *
Where the distributees of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal.