OPINION OF THE COURT
Eve Preminger, S.
*358 As an incident to her final accounting, the Public Administrator requests a determination of the identity of decedent’s distributees. Based on the record submitted before a court attorney-Referee, the court determines that decedent was survived, as her distributees, by four paternal first cousins and two maternal first cousins, four of whom postdeceased. The question presented is whether one of the postdeceased first cousins, who is both a paternal first cousin and a maternal first cousin,[1] is entitled to one share or two, i.e., one share from the maternal side and one share from the paternal side.
This question was addressed in the context of the statutory provisions in effect prior to September 1, 1992 in Matter of Schottenfels (64 Misc 2d 219, affd 38 AD2d 534), which held that the distributee was limited to a single share of the estate. The issue presented, therefore, is whether the enactment of the new EPTL 4-1.1 (L 1992, ch 595, § 8) requires a different result.
In Matter of Schottenfels (supra), the proof adduced at the kinship hearing held incident to the settlement of an account of the Public Administrator established that decedent was survived by four first cousins of decedent, one of whom held such status on both the maternal and paternal sides and claimed a per capita share in each of those capacities. The governing statute (Decedent Estate Law § 83 [7], [9])[2] provided:
“7. If there be no surviving spouse, and no children, and no representatives of a child, and no parent, and no brothers or sisters and no person legally representing brothers and sisters who shall have died, the whole shall descend * * * to the surviving grandparents of the deceased in equal shares; if there be no grandparents of the deceased, then to the issue of the grandparents in the nearest degree of kinship to the deceased * * *
“9. Where the distributees of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal.”
Reasoning that there was nothing in the language of subdivision (7) or (9) to suggest that the Legislature intended to confer two shares on a person who enjoyed a dual relationship to the *359 deceased, the court held that the dually related cousin was entitled to a single share in the estate. In so holding, the court alluded to the possibility of a different result under intestate distribution schemes premised on a “moiety” approach, i.e., a division of decedent’s estate into halves or moieties, with one-half or moiety going to the maternal grandparents or their issue and the other half or moiety going to the paternal grandparents or their issue.
In 1992, New York’s intestate distribution scheme was substantially amended (L 1992, ch 595, § 8) and now reads as follows:
“4-1.1 * * * (a) If a decedent is survived by * * *
“(6) One or more grandparents or the issue of grandparents (as hereinafter defined), and no spouse, issue, parent or issue of parents, one-half to the surviving paternal grandparent or grandparents, or if neither of them survives the decedent, to their issue, by representation, and the other one-half to the surviving maternal grandparent or grandparents, or if neither of them survives the decedent, to their issue, by representation; provided that if the decedent was not survived by a grandparent or grandparents on one side or by the issue of such grandparents, the whole to the surviving grandparent or grandparents on the other side, or if neither of them survives the decedent, to their issue, by representation, in the same manner as the one-half. For the purposes of this subparagraph, issue of grandparents shall not include issue more remote than grandchildren of such grandparents.”
This statutory change, counsel for Julian’s estate argues, reflects the adoption of the moiety approach to intestate succession and the reasoning of Schottenfels (supra) supports Julian’s entitlement to two shares under such a scheme. Counsel further notes that the statute does not provide for different rules in the event a person is entitled to a share under each moiety, and that it would be unjust to require a double cousin to take only one-half of the maternal and the paternal moieties. In opposition, it is argued that the sole reason for dividing the estate into maternal and paternal shares was to permit distribution of half of the estate when distributees from the other side have not come forward, and that nothing in the EPTL allows distribution of such a double share.
Absent an express or implied prohibition on double entitlement, Julian’s estate is entitled to a maternal and a paternal share. Unlike the predecessor statute, there is no express statutory provision entitling distributees in equal degree of kinship *360 to equal shares, and there is no implicit conflict in a single distributee receiving multiple shares in different capacities (see, 1st Report of EPTL Advisory Comm, Appendix A). While the purpose of the statutory change[3] was not addressed to the dual status distributee issue, nothing about such purpose undermines the right of such a distributee to receive shares in multiple capacities. For these reasons, the court holds that Julian’s estate is entitled to a share from the maternal side and a share from the paternal side (accord, Snodgrass v Bedell, 134 Ohio St 311, 16 NE2d 463; Sheeler v Burkhart, 45 Ohio Op 415, 101 NE2d 401, 403). Accordingly, the net estate shall be distributed as follows: one-half equally to the personal representatives of the estates of Roslyn Bradkin Groeger and Julian E. Fischer, the maternal first cousins (postdeceased), and the other one-half equally to William Adler, Jewel Adler Gutman, Morris Ober, and the personal representatives of the estates of William Schwartz and Julian E. Fischer, the paternal first cousins.
The fee of the guardian ad litem is fixed and determined.
The Public Administrator shall supplement her account by affidavit, and as so supplemented, the account is settled.

. The “double cousin” is Julian Emanuel Fischer. Julian’s parents were decedent’s paternal aunt, Jennie Adler, and her maternal uncle, William Fischer.

. In 1967, EPTL 4-1.1 reenacted Decedent Estate Law § 83 “without substantive change” (Mem of Commn in Law of Estates on EPTL in support of L 1966, ch 952, 1966 McKinney’s Session Laws of NY, at 2940).

. The purpose of the division into maternal and paternal shares was to facilitate distribution to either the maternal or paternal side without the necessity of proving heirship on the other side (see, 1st Report of EPTL Advisory Comm, at 4; see also, Mem of Assembly in support, Bill Jacket, L 1992, ch 595, § 8, at 2-3).